# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **AUDEMARS PIGUET HOLDINGS, S.A.** | § § § § § § § § § § | |
| *Plaintiff* | | **Case No. 1-20-MC-0813-LY** |
| v. | | |
| **HAAS OUTDOORS, INC.,** | | |
| *Defendant* | | |

# O R D E R

Before the Court are QuestionPro, Inc. and Haas Outdoors, Inc.'s Motion to Quash Subpoena, Motion to Modify Subpoena, or Alternatively Motion for Protective Order, filed August 3, 2020 (Dkt. 1); Audemars Piguet Holding S.A.'s Response, filed August 10, 2020 (Dkt. 9); and QuestionPro, Inc. and Haas Outdoors, Inc.'s Reply, filed August 11, 2020 (Dkt. 10). The District Court referred the motion and related filings to the undersigned for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    General Background

This discovery dispute arises out of a trademark opposition proceeding currently pending before the United States Patent and Trademark Office's Trademark Trial and Appeal Board. Trademark applicant Haas Outdoors, Inc. ("Haas") seeks registration of the mark MOSSY OAK for watches and jewelry. Audemars Piguet Holdings, SA ("Audemars") opposes registration, based on its own registration of the mark ROYAL MARK for its watch line.

Haas has retained John McKie as an expert witness. McKie commissioned a survey regarding the percentage of the population identifying ROYAL OAK with Audemars' watch line. McKie

1

hired non-party QuestionPro, Inc. ("QuestionPro"), an "international research company that provides a wide range of research services," to facilitate collection of raw survey data. Dkt. 1 at 3.

On July 2, 2020, Audemars served QuestionPro with a Subpoena to Testify at a Deposition, pursuant to Federal Rule of Civil Procedure 30(b), commanding QuestionPro to produce an officer, director, or designee to be deposed *in person* in Austin, Texas on August 19, 2020. Dkt. 1-1. Movants now move to quash the non-party Subpoena, arguing that the "subpoena to a designated expert's contractor is an attempt to circumvent the requirements of FED. R. CIV. P. 26(b)(4)(E), which requires that the party seeking discovery concerning another party's expert opinions must pay reasonable fees and expenses associated therewith." Dkt. 1 at 2. Movants also argue that the deposition is unduly burdensome because requiring QuestionPro's designee to travel from California to Texas for an in-person deposition during the COVID-19 pandemic places all parties at undue risk and danger.

Audemars fails to address any of QuestionPro's substantive objections to the Subpoena. Instead, Audemars' nine-page Response argues that the Motion to Quash should be denied because it exceeds the page limit by two pages. Audemars also contends that QuestionPro failed to meaningfully confer with Audemars before filing the Motion, in violation of the Local Rules. Both procedural objections are overruled. The Court disagrees that QuestionPro failed to confer, and **HEREBY GRANTS** QuestionPro's late request for leave to exceed the page limits.

Because Audemars failed to address any of QuestionPro's substantive objections, it has waived any arguments in support of the Subpoena. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that failure to adequately brief an argument results in a waiver). In any event, the Court finds that QuestionPro's objections to the Subpoena are valid.

Under FED. R. CIV. P. 26(b)(4)(E), a party seeking discovery concerning another party's expert opinions must pay reasonable fees and expenses in responding to the discovery. The Court agrees that Audemars' deposition notice to QuestionPro is an attempt to circumvent the requirement to pay Haas's expert its fees and expenses as required under Rule 26(b)(4)(E). Instead of paying McKie for the deposition and discovery, Audemars is attempting to depose McKie's survey company. Audemars has failed to dispute this.

The Court also agrees with QuestionPro's objection to the Subpoena's requirement that its designee must appear in person in Austin, Texas, for the deposition on August 19, 2020. The Governor of Texas has declared a state of disaster in response to the COVID-19 pandemic. To date, there have been 506,820 confirmed cases and 9,034 deaths from COVID-19 in Texas.[1]

To "protect the health and safety of the public," Orlando L. Garcia, Chief United States District Judge of the United States District Court for the Western District of Texas, has ordered that all civil and criminal trials set though September 30, 2020 are continued, and has advised parties to seek to participate in hearings and conferences "by telephone or video." Seventh Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Aug. 6, 2020). Similarly, the Texas Supreme Court has ordered that all courts in Texas may, without a participant's consent, "allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney, witness, court reporter, grand juror, or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means." Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9095 (Tex. Aug. 6, 2020).

---

[1] *See* Texas COVID-19 Case Counts, Texas Department of State Health Services, available at https://txdshs.maps.arcgis.com/apps/opsdashboard/index.html#/ed483ecd702b4298ab01e8b9cafc8b83.

In light of these considerations, requiring QuestionPro's designee to travel from California to Texas for an in-person deposition during the current pandemic conditions is unreasonable.

Based on the foregoing, QuestionPro, Inc. and Haas Outdoors, Inc.'s Motion to Quash Subpoena (Dkt. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on August 13, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE